A. T. COOPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3144.   Promulgated July 29, 1927.

The excess of deductions for depletion based on minimum royalties, over the actual depletion sustained, does not constitute income to a lessor in the year in which the lease is abandoned.

*Frank W. Wilson, C. P. A.,* for the petitioner.
*John W. Fisher, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the year 1919 in the amount of $1,108.47, and is based upon an alleged error of the respondent in adding to income in that year the difference between the depletion allowed the petitioner upon minimum royalties received by him as one of the lessors of an iron mine, and the actual depletion of the mine when it was abandoned in 1919.

FINDINGS OF FACT.

The petitioner is the owner of an undivided interest in the fee of an iron mine in Minnesota. This mine was leased on September 4, 1912, on a royalty basis, the lease providing for a minimum payment each year on 50,000 tons of ore. The lease was abandoned by the lessee in the year 1919. In each of the years except 1913 and 1919, the petitioner was paid royalties on the minimum royalty basis, but in none of the years to the time the lease was abandoned did the lessee mine and ship the minimum requirement of the lease. The petitioner in computing the depletion allowance in each year, deducted depletion on the basis of the minimum royalties, which deductions were allowed by the respondent. Upon the abandonment of the lease in 1919 the respondent computed the depletion actually sustained from the date of the lease to its abandonment and deducted the amount thereof from the depletion allowed the petitioner over the same period on the basis of the minimum royalties, and added the difference to income for the year 1919.

The following tables show the royalties reported as income by the petitioner, royalties received by him, tons of ore paid for, tons of ore shipped, depletion claimed by the petitioner, depletion allowed by the respondent, and the petitioner's income for the year 1919 as computed by the respondent:

| Year | Royalty reported on income tax returns | Royalty received by petitioner | Tons paid for | Tons shipped from property | Depletion claimed by petitioner | Depletion allowed by Income Tax Unit |
|------|------|------|------|------|------|------|
| 1913 [1] | | $1,312.50 | 12,500 | | | |
| 1914 [1] | | 5,250.00 | 50,000 | 8,095 | | |
| 1915 | | 5,250.00 | 50,000 | 26,942 | $5,250.00 | $2,310.00 |
| 1916 | $5,250.00 | 5,250.00 | 50,000 | 26,448 | | 2,310.00 |
| 1917 | 5,250.00 | 5,250.00 | 50,000 | 42,642 | 2,310.00 | 2,055.00 |
| 1918 | 5,250.00 | 5,250.00 | 50,000 | 6,187 | 2,310.00 | 2,055.00 |
| 1919 | 4,456.72 | 2,971.18 | 28,297 | | 1,960.95 | 1,163.01 |

[1] No tax returns filed or required as net income was less than the specific exemption allowed

| | | |
|---|---|---|
| Net income reported on return | | $19,926.75 |
| Royalties reported as received | $4,456.72 | |
| Actual royalties paid to petitioner | 2,971.18 | |
| Income overstated by | 1,485.54 | |
| Depletion claimed on return | 1,960.95 | |
| Depletion allowed | 1,163.01 | |
| Income understated by | | 797.94 |
| Depletion allowed petitioner to date of surrender of lease | 9,893.01 | |
| Depletion sustained by petitioner to date of surrender of lease | 4,533.91 | |
| Income understated by | | 5,359.10 |
| | | 26,083.79 |
| | | 1,485.54 |
| Total net income subject to tax for the year 1919 | | 24,598.25 |

## OPINION.

MARQUETTE: The question here presented is the same as that before the Board in *Kittie A. Knapp*, 7 B. T. A. 790, and it arises from the same transaction. In that proceeding we held that there is no authority of law for including in a taxpayer's income in one year excessive depletion allowed as deductions for prior years, and in accordance with our decision therein, we hold that no part of the amounts allowed the petitioner as depletion deductions in the years prior to 1919 should be included in his income for that year.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*